WISCONSIN BRIDGE & IRON CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13739.   Promulgated August 7, 1928.

*L. T. Atherton, Esq.*, for the petitioner.
*J. L. Backstrom, Esq.*, for the respondent.

OPINION.

Smith: The respondent admits certain errors alleged by the petitioner in its petition filed with this Board. These relate specifically to the computation of invested capital for the year 1921. The deficiency notice upon which this proceeding is based shows that the Commissioner determined invested capital by deducting from prorated earnings available for the payment of dividends a " tentative tax " as having accrued at the date of the dividend declaration; the same is true with respect to determining earnings available for the purchase of capital stock. These determinations are in conflict with the decision of the Board in *L. S. Ayers & Co.*, 1 B. T. A. 1135. The invested capital of the petitioner for the years 1920 and 1921 should be recomputed in accordance with the decision of the Board in the above entitled case.

Section 274(g) of the Revenue Act of 1926 provides:

The Board in redetermining a deficiency in respect of any taxable year shall consider such facts with relation to the taxes for other taxable years as may be necessary correctly to redetermine the amount of such deficiency, but in so doing shall have no jurisdiction to determine whether or not the tax for any other taxable year has been overpaid or underpaid.

The deficiency notice attached to the petition in this case, in accordance with the rules of the Board, shows that at the time the Commissioner made his determination of deficiencies for the years 1920

and 1921 he likewise determined overassessments for the years 1918 and 1919, and that in the making of such determinations of over-assessments for 1918 and 1919 he failed to follow the decision of the Board in *L. S. Ayers & Co., supra.* The result of such failure was to overstate the tax liability determined for those years and likewise to reduce the petitioner's surplus at the beginning of the years 1920 and 1921. In the redetermination of deficiencies for the years 1920 and 1921 the surplus at the beginning of each year should be restated to comply with the decision of the Board in *L. S. Ayers & Co., supra. D. N. & E. Walter & Co.,* 10 B. T. A. 620.

*Judgment will be entered under Rule 50.*